## HIRAM ROBINSON
### v.
## MARY PETERSON ET AL.

APPEAL—FREEHOLD.—A bill charging that the conveyance of certain lands mentioned was fraudulent, and praying to set aside such conveyance, involves the question of a freehold, and this court has no jurisdiction of the appeal.

APPEAL from the Circuit Court of Stark county; the Hon. JOHN BURNS, Judge, presiding. Opinion filed December 4, 1880.

Mr. JOHN E. CONE, for appellant.

Mr. M. A. FULLER, for appellee.

PER CURIAM. Ezra Wooden, deceased, in his life-time devised the land in question to Bethena Wooden, his wife, during her

natural life, and at her death the land to be divided equally between her sons Clark P. Wooden and William A. Wooden, they to pay his daughter, Hannah Laurett, and Lydia and Lucy Jane, the sum of two hundred dollars each, at the death of Bethena Wooden.

Bethena Wooden died about September 7, 1877. The bill charges that Clark P. Wooden died in Sept. 1860. That Pane Rouse was his administrator—that his widow took all the personalty and deceased had no property except this land and that complainant had claims against the estate to the amount of $761.

That Clark P. Wooden, died leaving his wife, Mary Wooden, and a posthumous child, which was born and died, leaving Mary Wooden its heir; that Mary has intermarried with William Peterson; conveyed the land to John and Lydia Rouse, who afterwards conveyed the land to Austin F. Johnson and Miles A. Fuller in trust to secure the payment of money and that said John and Lydia Rouse conveyed the land in fee to Andrew J. Simmerman. The bill charges that the conveyance was fraudulent as to complainant and other creditors of Clark P. Wooden deceased. Prays that defendants pay the debts, and in default, that the land be sold. The answer admits the allegations as to the chain of title, except they deny that the legacies were paid by Mary Peterson, but by John Rouse, after he purchased the land—denies that the conveyances were fraudulent as to creditors.

The court below denied the relief sought. A freehold is involved in this case. It is sought to divest Simmerman of his title to the land and subject it to sale for the payment of the debts of Clark P. Wooden, deceased. We can have no jurisdiction of the subject matter of the litigation. It should have been taken directly to the Supreme Court, under Sec. 2, providing for appeals. Laws of 1879, page 222; Patterson v. McKinney, 6 Bradwell, 394.

Therefore, the appeal is dismissed for want of jurisdiction.

Appeal dismissed.